UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY LEE MCKIE,<br><br>        Plaintiff,<br><br>    v.<br><br>SALINAS VALLEY STATE PRISON, et al.,<br><br>        Defendants. | Case No. 25-cv-04693-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

# INTRODUCTION

Plaintiff Cody Lee McKie alleges that prison guards were deliberately indifferent to his safety when they forced him to cell with a particular prisoner, who later attacked him. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

The complaint fails to state a claim for relief. McKie's allegations do not contain any specific facts showing that the prison guards not only were aware of facts from which the inference could be drawn that the prisoner posed a substantial risk of serious harm to him, but also that they drew that inference. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **December 8, 2025**. <u>Failure to file a proper amended complaint by December 8, 2025, may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.</u>

# DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety."  *Id.* at 834.  A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837.  Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a

2

prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted).

To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842. The "obviousness of a risk," however, is not conclusive, and "a prison official may demonstrate that the obvious escaped him." *Id.* at 843, n. 8.

McKie's allegations do not show that the officers were deliberately indifferent. McKie says that Salinas Valley State Prison Correctional Officers Cabillero and DeFranco "threaten[e]d to write plaintiff up if plaintiff didn't rehouse with his celly 'Duckett.' On 11.18.2024, plaintiff was brutalized by inmate Duckett." (Compl., Dkt. No. 1 at 3.) But this does not include any specific facts that the officers were aware of facts from which the inference could be drawn that Duckett posed a substantial risk of serious harm to him, and also that they drew that inference.

Accordingly, the complaint is DISMISSED with leave to amend. In his amended complaint, McKie must specify the basis for his deliberate indifference claim, including the facts of which the officers were aware regarding Duckett's dangerousness and the substantial risk of serious harm Duckett posed to McKie, and McKie must also describe Duckett's attack, including how, where, and when it started and what injuries he sustained.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **December 8, 2025**. The amended complaint must include the caption and civil case number used in this order (25-04693 WHO (PR)) and the words FIRST AMENDED COMPLAINT must be written on the first page. <u>The amended complaint must also appear on this Court's form, a copy of which will be sent to him.</u> Because an amended complaint

3

1  completely replaces the previous complaints, plaintiff must include in his first amended
2  complaint all the claims he wishes to present and all of the defendants he wishes to sue.
3  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate
4  material from the prior complaint by reference.  <u>Failure to file a proper amended complaint
5  by December 8, 2025 may result in dismissal of this action under Federal Rule of Civil
6  Procedure 41(b) for failure to prosecute.</u>

**IT IS SO ORDERED.**

**Dated:**  October 21, 2025



WILLIAM H. ORRICK
United States District Judge